439

No. 47681.—Protest 85347–K of Dan Brechner & Co. (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel and following Abstract 40493, the balloons in question were held dutiable under paragraph 409, as claimed.

No. 47682.—Protest 972366–G of Gellman Bros. (Minneapolis).

Opinion by OLIVER, P. J. It was agreed at the hearing that the tin kazoo pipes. and tin kazoo whistles in question are similar in all material respects to those involved in Abstract 44122. They were therefore held dutiable at 45 percent. under paragraph 397, as claimed.

No. 47683.—Petition 6290–R of F. W. Myers & Co., Inc. (Ogdensburg).

Opinion by OLIVER, P. J. The merchandise consists of a certain hormone. preparation known as "gonadotropic factor" imported from Canada. It appeared from the record that the difference between the appraised value and the entered value was due to certain discounts. From the record presented the court was satisfied that there was no intention to defraud the revenue of the United States. or to conceal or misrepresent the facts. The petition was therefore granted.

No. 47684.—Petition 6307–R of J. Hofert (Buffalo).

Opinion by OLIVER, P. J. The petition was dismissed.

No. 47685.—Protest 948072–G of Geo. S. Bush & Co. (Portland, Oreg.).

Opinion by WALKER, J. A sample of the boxes was received in evidence. The proof established that they are the usual, customary containers of Japanese mandarin oranges and that they have no commercial value after being emptied of their contents. Following *Maynard* v. *United States* (8 Ct. Cust. Appls. 297, T. D. 37581) the protest was overruled.

No. 47686.—Protest 86482–K of Rodier Inc. (New York).

Opinion by TILSON, J. It was stipulated that certain of the items in question consist of mufflers the same as those involved in Abstract 45938. In accordance therewith the claim at 60 percent under paragraph 1209 was sustained as to those items.